YOLANDE BERUBE *v.* THE SALVATION ARMY, INC.

SUPERIOR COURT        HARTFORD COUNTY        FILE NO. 117954

Memorandum filed January 5, 1960

*Pudlin & Silver,* of New Britain, for the plaintiff.

*Snow Gene Munford,* of Hartford, for the defendant.

FITZGERALD, J. "The doctrine of charitable immunity is only operative against the 'recipients' of the charity, and does not afford a defense against a visitor to the premises who is injured by some

culpable defect." Wright, Connecticut Law of Torts, p. 127, citing *Cohen* v. *General Hospital Society,* 113 Conn. 188, 199.

The status of the injured plaintiff as alleged in the complaint is that of a customer while in a store maintained by the defendant at the time of sustaining the alleged injuries due to defective conditions alleged to have been caused by the negligence of the defendant's employees. Consequently, the interposed special defense pleaded by the defendant as a legal bar to a recovery is precluded. Obviously, the plaintiff was not at the time the recipient of any charity being dispensed to her by the defendant. This is so even though the status of the defendant as alleged in its special defense, and which the demurrer necessarily admits, is that of "a charitable corporation without capital stock, whose members derive no profit from its operation." Wright, id.; *Cohen* v. *General Hospital Society,* supra.

The plaintiff's demurrer to the special defense of the defendant is sustained.